IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CASSANDRA ROSE DeMOLICK and KEITH KUROS<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>Defendant. | Civil No. 1:21-CV-01454<br><br>(Judge Kane)<br><br>(Filed Electronically) |

**UNITED STATES' BRIEF IN SUPPORT
OF MOTION TO DISMISS**

INTRODUCTION

Cassandra Rose DeMolick and her husband Keith Kuros are suing the United States under the Federal Tort Claims Act (FTCA), 28 USC § 1346, 2671 *et seq.*, for injuries DeMolick sustained when she slipped and fell at a rest area at Gettysburg National Military Park (the "Park"). Because that statute makes the United States liable only to the extent an individual would be liable under state law and because Pennsylvania's Recreational Use of Land and Water Act ("RULWA"), 68 P.S. §477-1 *et seq.*, would make a private landowner immune to suit under the circumstances, DeMolick's suit fails for lack of subject matter

jurisdiction. See *Moss v. United States*, 895 F.3d 1091, 1100–01 (8th Cir. 2018) (finding that "because a private landowner would be immune under the [Arkansas equivalent of RULWA], there is no jurisdiction under the FTCA for plaintiffs' claims against the United States").

## PROCEDURAL HISTORY

Plaintiffs filed their complaint on August 23, 2021. (Doc. 1.) The government received an extension to respond on October 7, filed a motion to dismiss under Rule 12(b)(1) on November 5 (Doc. 8), and now files this supporting brief.

## STATEMENT OF FACTS

The Gettysburg National Military Park was the site of both the Battle of Gettysburg and the Gettysburg Address and so attracts visitors interested in American history. Ex. 1, Declaration of Marcus Pratt, ¶ 3. These guests generally experience the Park's hundreds of monuments and buildings via a free self-guided driving tour. Ex. 1 ¶¶ 4-5. Because it also incorporates vast woodlands and other undeveloped land, the Park attracts locals interested in exercise and natural recreation as well. Ex. 1 ¶¶ 4, 10-12. Two facilities that formerly served as meeting points to get paid guided tours now serve as restrooms (aka

comfort stations) for both visitors and locals. Ex. 1 ¶¶ 6-8. The West End Comfort Station is one of the few restroom facilities available in the northern end of the Park, and so is always open. Ex. 1 ¶¶ 4, 13-14.

During snow storms, the West End Comfort Station, like other areas of the Park, has its parking lot plowed and its sidewalks cleared about every two hours. Ex. 2, Declaration of Randall Hill, ¶¶ 3-12. On the day in question, five individuals were assigned to this responsibility. Ex. 13.

On February 5, 2018, Plaintiffs were visiting the Park. (Comp. ¶ 19.) During the course of taking a self-guided auto tour of the park, they stopped at the West End Comfort Station on Chambersburg Pike, which is also known as the Stone House Rest Area or West End Guide Station. (Comp. ¶¶ 5, 13, 22.) After using the restroom and while returning to her vehicle, DeMolick slipped on ice or snow on the sidewalk and parking lot adjoining the facility and injured herself.  (Comp. ¶ 23.)

## STATEMENT OF QUESTIONS INVOLVED

> Does this Court have subject matter jurisdiction over Plaintiffs' FTCA claims given that RULWA would immunize a private landowner?

## ARGUMENT

**I.     Legal standard**

A challenge to subject matter jurisdiction under Rule 12(b)(1) may be in the form of either a facial or factual attack. *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). Whereas a facial attack resembles a standard motion for failure to state a claim, a factual attack "differs greatly for here the trial court may proceed as it never could under 12(b)(6)." *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n. 3 (3d Cir. 2006) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). Specifically, the trial court "is free to weigh the evidence" and "the existence of disputed material facts will not preclude [it] from evaluating for itself the merits of jurisdictional claims." *Id.*; *see also Constitution Party of Pennsylvania v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) (observing that "the District Court may look beyond the pleadings to ascertain the facts" in resolving a factual attack on subject matter jurisdiction). If the 12(b)(1) motion makes a factual attack, the burden of proving subject matter jurisdiction is on the plaintiff. *See CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008); *see also Packard v. Provident Nat'l. Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993).

The United States is factually attacking the jurisdictional basis of Plaintiffs' claims, and so has attached declarations for consideration by the Court. *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (finding defendant to have "mounted a factual challenge to subject matter jurisdiction" because it submitted a signed declaration disputing plaintiff's factual allegations).

## II.    RULWA deprives this court of subject matter jurisdiction over Plaintiffs' claims.

Under the doctrine of sovereign immunity, courts lack subject matter jurisdiction over actions against the United States absent a Congressional waiver. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994). And the FTCA waives the sovereign immunity of the United States for "injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. §1346(b)(1). In doing so, "the FTCA does not itself create a substantive cause of action against

the United States; rather, it provides a mechanism for bringing a state law tort action against the federal government in federal court." *Lomando v. United States*, 667 F.3d 363, 372 (3d Cir. 2011) (quoting *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 264 F.3d 344, 362 (3d Cir. 2001)). Thus, the United States has waived its immunity only to the extent that a private person would be liable under state law in like circumstances. If a plaintiff fails to establish all the elements of such liability, there is no waiver and hence no jurisdiction. *See Brownback v. King*, 141 S. Ct. 740, 749 (2021) (internal citation omitted) ("[A] plaintiff must plausibly allege all six FTCA elements . . . for a court to have subject-matter jurisdiction over the claim.")

Here, the Pennsylvania Recreational Use of Land and Water Act ("RULWA"), 68 P.S. §477-1 *et seq.*, would shield a private landowner against Plaintiffs' claims, and so this Court lacks subject matter jurisdiction over them. RULWA exempts landowners from tort liability based on ordinary negligence to a member of the public engaged in a recreational activity on their premises if the landowners permit the public to use their land without charge. *Brezinski v. Cty. of Allegheny*, 694 A.2d 388, 390 (Pa. Commw. Ct. 1997) (quoting 68 P.S. § 477–3)

(noting that RULWA applies where no admission fee is charged and provides that "an owner of land owes no duty of care to keep the premises safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition, use, structure, or activity on such premises to persons entering for such purposes"). Since all these circumstances are present in this case, the United States is immune from suit. *See Lingua v. United States*, 801 F. Supp. 2d 320, 330 (M.D. Pa. 2011) (internal citations omitted) ("The Third Circuit has made clear that RULWA applies to the United States in cases in which tort claims are brought against the United States. Since the liability of the United States under the FTCA is determined by applying the law of the State where the claim arose, this very statute has been repeatedly found to be applicable to the United States in FTCA cases.")

### A. Plaintiffs were engaged in recreation at the Park.

Under RULWA, "recreational purpose" includes "pleasure driving" and "viewing or enjoying historical [or] scenic . . . sites." 68 Pa. Cons. Stat. § 477–2(3). The Park is of primarily historic interest to visitors as the site of a decisive Civil War battle and President Lincoln's most famous speech, and it is best enjoyed via car because of its size. Ex. 1 ¶¶

3-5. The West End Comfort Station supports this use by providing the main restroom facility in the northern end of the Park. Ex. 1 ¶¶ 13-14. Consistent with this arrangement, Plaintiffs admit that they were "taking a self-guided auto tour" of the Park when they stopped at the West End Comfort Station to utilize its restroom facilities. (Comp. ¶¶ 22-23.) It is thus beyond dispute that the Park offers recreational opportunities and that Plaintiffs were engaging in the same at the time of the incident. Accordingly, RULWA applies. See *Lingua*, 801 F. Supp. 2d at 322 (finding RULWA applied to plaintiff who was injured while going from restrooms to picnic area at a national recreation area); *Kelley v. United States*, , No. CIV.A. 11-5537, 2012 WL 1392520, at *1 (E.D. Pa. Apr. 20, 2012) (finding RULWA applied to plaintiff who fell on a vinyl deck/walkway at Valley Forge National Historical Park); *Brezinski*, 694 A.2d at 389 (finding RULWA applied to plaintiff who fell down an earthen embankment in a county-owned park while walking downhill from a picnic pavilion to the parking lot).

### B. Plaintiffs were not charged a fee.

The Park does not have a single-entry point at which admission is charged. Rather, it is a vast property integrated into the street network

of the surrounding Gettysburg borough with numerous ungated access points. Ex. 1 ¶¶ 9, 11-12. As such, locals using the Park and visitors driving around on their own are free to use the Park at no charge. Plaintiffs admit their tour was self-guided and do not allege that they paid for a guide. Accordingly, RULWA applies.

### C. Plaintiffs do not—and cannot—allege more than ordinary negligence.

An owner who allows use for recreational purposes of property by the public without charge is liable only for "willful or malicious failure to guard or warn against a dangerous condition." *Lingua*, 801 F. Supp. 2d at 330 (citing Sections 477–1 to 477–8 of RULWA). The Pennsylvania Supreme Court has indicated that willful conduct in this context consists of a failure to disclose "dangerous conditions known to it (the possessor of the premises) and not likely to be discovered." *Livingston by Livingston v. Pa. Power & Light Co.*, 609 F. Supp. 643, 649 (E.D. Pa. 1985) (quoting *Kopp v. R.S. Noonan, Inc.,* 123 A.2d 429 (1956)).

The Park takes active measures to address snow accumulation, including at the West End Comfort Station. Ex. 2 ¶¶ 3-12. And five individuals were assigned to such duty in that area of the Park on the

date in question. Ex. 1 ¶13. Indeed, Plaintiffs attached to their administrative claim pictures of the site on the day of the incident which show that snow had been cleared, and they alleged in that claim only that "while the sidewalk and porch area of the rest stop had been shoveled and cleared of snow . . . the snow removal was inadequately and negligently performed." Ex. 3, Pls.' Administrative Claim, at 2, 15. Because it is undisputed that Park employees did make efforts to clear the snow, the United States is at most liable for ordinary negligence. Indeed, Plaintiffs do not allege anything beyond this. What is more, they admit that "by the morning of the 5th the weather had cleared," so any build-up of ice or snow would have been clearly visible and likely to be discovered. Ex. 3, at 2. For all these reasons, RULWA applies. *See Lingua*, 801 F. Supp. at 332 ("Importantly, Plaintiff's complaint fails to allege willful or malicious conduct by the Defendant and we find that, under the facts of this case, the conduct of Defendant could not conceivably rise to the level of willful or wanton misconduct.").

## CONCLUSION

Because all three elements necessary to make RULWA applicable are present in this case, that statute would immunize a private

landowner from liability for DeMolick's claim; accordingly, the FTCA does not give this Court subject matter jurisdiction over it. Hence the Complaint should be dismissed.[1] *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) ("A case is properly dismissed for lack of subject matter jurisdiction under 12(b)(1) when a district court lacks the statutory or constitutional power to adjudicate it."); *Hugo v. United States*, No. CV 21-305 GBW/CG, 2021 WL 4906074, at *6 (D.N.M. Oct. 21, 2021) (dismissing FTCA claim for lack of subject matter jurisdiction in analogous circumstances).

                Respectfully submitted,

                JOHN C. GURGANUS
                United States Attorney

                /s/ Navin Jani
                NAVIN JANI
                Assistant U.S. Attorney
                United States Attorney's Office
                228 Walnut Street, Suite 220
                P.O. Box 11754
                Harrisburg, PA 17108
                717-221-4482  fax: 717-221-2246
                navin.jani@usdoj.gov

---

[1] Under Pennsylvania law, loss of spousal consortium claim is derivative and can only survive where the injured party's claim has merit. *Laskowski v. U.S. Dept. of Veterans Affairs*, 918 F.Supp.2d 301, 331 (M.D. Pa 2013). With that in mind, Kuros's claim fails for the same reasons as DeMolick's.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CASSANDRA ROSE DeMOLICK and KEITH KUROS<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>Defendant. | Civil No. 1:21-CV-01454<br><br>(Judge Kane)<br><br>(Filed Electronically) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing

**UNITED STATES' BRIEF IN SUPPORT
OF MOTION TO DISMISS**

was sent by this court's ECF system on **November 19, 2021**, to the following:

**Richard C. DeFrancesco**
McDonald At Law
2150 Noll Drive
Suite 300
Lancaster, PA 17603
richard@mcdonaldatlaw.com

                                              /s/ Cindy J. Long
                                              CINDY J. LONG
                                              Legal Assistant