IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CASSANDRA ROSE DeMOLICK and KEITH KUROS | Civil No. 1:21-CV-01454 |
| Plaintiffs, | |
| v. | (Judge Kane) |
| | (Filed Electronically) |
| UNITED STATES OF AMERICA | |
| Defendant. | |

**UNITED STATES' REPLY
BRIEF IN SUPPORT OF
<u>MOTION TO DISMISS</u>**

As to whether RULWA applies to Plaintiffs' claims such that this Court lacks subject matter jurisdiction over them under the FTCA, it is undisputed that they were engaged in recreational use of Gettysburg National Military Park at the relevant time and had not paid a fee to do so. It is also undisputed that federal courts in Pennsylvania have found parts of other national parks, *Kelley v. United States*, No. CIV.A. 11-5537, 2012 WL 1392520, a*2 (E.D. Pa. Apr. 20, 2012), entire national parks, *Blake v. United States,* No. CIV. A. 97-0807, 1998 WL 111802, at *6-*7 (E.D. Pa. Feb. 6, 1998), and parts of this national park, *DePatch v. United States*, 1996 WL 355355, at *4 (E.D. Pa. 1996), to be covered under

RULWA. Given this background, Plaintiffs' attempt to argue it does not apply here because the replenishment of toilet paper at the West End Comfort Station makes it akin to Penn's Landing is unavailing. (Pls.' Resp. Br., Doc. 13 at 11 (citing *Mills v. Commonwealth*, 633 A.2d 1115, 1117 (Pa. 1993)).) They simply cannot discover anything that would make that facility more than a small restroom and adjoining parking lot in the midst of thousands of acres of open land that was solely intended to facilitate the enjoyment of that land. Moreover, they cannot amend away the fact that the negligence of the United States, if any, was garden-variety. Accordingly, their requests should be denied and the Complaint should be dismissed with prejudice.

I. **Plaintiffs' request for limited discovery should be denied and their complaint dismissed because RULWA applies to the parking lot and walkway area where DeMolick was injured.**

Plaintiffs argue that RULWA does not apply to the West End Comfort Station because it is an improvement that requires maintenance and "seek limited discovery regarding the building systems present at that site, such as plumbing, heating, cooling and electrical systems, as well as the frequency and extent of supplies brought to the building and trash removal necessary to service the area" to buttress this argument.

(Pls.' Resp. Br. at 4, 12.)

First, they are wrong to focus on the restroom, because the alleged injury occurred outside of the restroom, when DeMolick stepped on ice in "the parking lot and sidewalk area" as she was "returning to her vehicle." (Comp. 5.) As a result, the real question is whether the paving of those areas represents an improvement that brings them out of the protection of RULWA; discovery about what maintenance the restroom requires is irrelevant and would do nothing to save their claim.

Second, the restroom (and, *a fortiori*, the walkways and parking lot that adjoin it) is qualitatively different from the various improvements to which Plaintiffs compare it, (Pls.' Resp. Br. at 11-13), which include the following: 1) a "Giant Slide [that] demands intensive safety inspecting and above normal maintenance," *Bashioum v. Cty. of Westmoreland*, 747 A.2d 441, 442 (Pa. Commw. Ct. 2000);[1] (2) a hydropower dam, *Stone v. York Haven Power Co.*, 749 A.2d 452, 458

---

[1] Plaintiffs misrepresent this decision, as the court did not decide that the Giant Slide was not covered by RULWA but merely that it was wrong to assume without examination that RULWA applied to every area of the admittedly largely unimproved county park "because our courts have focused on the specific area which caused the injury to determine whether RULWA is applicable or not." *Bashioum*, 747 A.2d at 446.

3

(Pa. 2000); and (3) "Penn's Landing, a 37–acre tract of land containing restaurants, a museum, historic ships, a marina and a stage with an amphitheater," *Brown v. Tunkhannock Twp.*, 665 A.2d 1318, 1321 (Pa. Commw. Ct. 1995). On the contrary, the West End Comfort Station as a whole (and its parking lot and walkways in particular) are much more analogous to areas to which courts have found RULWA applicable. *See, e.g., Kelley*, 2012 WL 1392520, at *1 (finding RULWA applied to plaintiff who fell on a vinyl deck/walkway at Valley Forge National Historical Park); *Lingua v. United States*, 801 F. Supp. 2d 320, 322 (M.D. Pa. 2011) (finding RULWA applied to plaintiff who was injured while traversing a "man-made path to a picnic area" at a national recreation area); *Brezinski v. Cty. of Allegheny*, 694 A.2d 388, 390 (Pa. Commw. Ct. 1997) (finding "a picnic shelter is a building within the definition of land in Section 2 [of RULWA], and certainly not more than an ancillary structure").

In short, the West End Comfort Station "is not the kind of highly developed structure to which RUA is inapplicable." *Kelley*, 2012 WL 1392520, at *5 (internal quotation marks omitted). Moreover, though "[i]t does not create any recreational activity independent of those already

available on the land," it and its associated pathways and lot qualify as ancillary structures under RULWA because they are "designed to improve access to a historical site, the viewing of which is a [RULWA]-enumerated recreational activity."[2] *Id.*; *see also Blake,* 1998 Westlaw 111802, at *6-*7 (finding improvements that were "clearly designed to promote [recreational] purposes" did not "render the Park 'developed' for the purposes of the [RULWA]"). Nothing Plaintiffs could discover about the mechanical systems at the West End Comfort Station would change this, and so their request should be denied and their complaint dismissed.

## II. Plaintiffs' request to amend should be denied and their complaint dismissed because they have not—and cannot—plead more than ordinary negligence.

To begin with, Plaintiffs do not support with any facts their assertion that the government had actual notice of the ice accumulation at the curb where the parking lot meets the walkway and where DeMolick was apparently injured. (Compl. ¶ 28.) And their burden is

---

[2] To make it abundantly clear that paths and parking lots are covered by RULWA, the Pennsylvania Assembly amended the statute in 2018 and expanded the definition of "lands" and "recreational purpose". PA Act No. 2018-98, § 2; 2018 Pa. Legis. Serv. Act. 2018-98. As amended, "Land" is expressly defined to include: "amenities," "paths, paved or unpaved trails" and *"areas providing access to, or parking for, lands and waters.* 68 P.S. §477-2(1) (emphasis added).

considerable. *See Blake,* 1998 Westlaw 111802, at *8 (quoting 68 P.S. § 477–6(1)) ("It is not sufficient to establish that a defendant knew of certain conditions or knew that certain activities were occurring on the land. A defendant must have actual knowledge of the 'specific dangers inherent in those conditions or activities.'").

More importantly, under the circumstances of this case, they cannot credibly claim that the ice was not obvious to DeMolick.[3] In their administrative claim (which this Court may properly consider in this factual attack on jurisdiction), they admit that, notwithstanding "snowfall the evening of February 4, 2018 into February 5, 2018," (Comp. 20), "by the morning of the 5th the weather had cleared," and that "[t]he fall occurred at approximately 10:00 a.m." that day. Ex. 3, at 2. The ice accumulation would thus have been clearly visible as DeMolick approached the restroom from her parked car in broad daylight on a clear day, and again when she started making her way back. (It certainly is obvious in the photos attached to their

---

[3] Curiously, Plaintiffs contend only that it was not "obvious to them that no salt or ice melt had been applied to the parking lot." (Pls.' Resp. Br. at 9.) They do not contend that the ice itself was not obvious to them, and it is the presence of this ice—regardless of what was on top of it at the time—which posed the alleged danger.

administrative claim. Ex. 3, at 12-14.) What is more, no amendment to their complaint can change these simple facts. *See Lingua*, 801 F. Supp. at 323, 332 (finding that "under the facts of this case, the conduct of Defendant could not conceivably rise to the level of willful or wanton misconduct" because "there was nothing to keep her from seeing where she was walking" as "Plaintiff was returning from the restroom").

Accordingly, amendment would be futile and the Complaint should be dismissed with prejudice.

Respectfully submitted,

JOHN C. GURGANUS
United States Attorney

/s/ Navin Jani
NAVIN JANI
Assistant U.S. Attorney
United States Attorney's Office
228 Walnut Street, Suite 220
P.O. Box 11754
Harrisburg, PA 17108
717-221-4482  fax: 717-221-2246
navin.jani@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CASSANDRA ROSE DeMOLICK and KEITH KUROS<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>Defendant. | Civil No. 1:21-CV-01454<br><br>(Judge Kane)<br><br>(Filed Electronically) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing

**UNITED STATES' REPLY BRIEF
TO PLAINTIFF'S BRIEF IN OPPOSITION
TO MOTION TO DISMISS**

was sent by this court's ECF system on **December** 27**, 2021**, to the following:

**Richard S. Roberts Jr.**
ZATOR LAW
4400 Walbert Avenue
Allentown, PA 18104
rroberts@zatorlaw.com

/s/ Amanda L. Endy
Amanda L. Endy
Supervisory Legal Assistant

8