IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CASSANDRA ROSE DEMOLICK** and **KEITH KUROS**, Plaintiffs | : : : : : : : : : | No. 1:21-cv-01454 (Judge Kane) |
| v. | | |
| **UNITED STATES OF AMERICA**, Defendant | | |

## MEMORANDUM

Before the Court is the United States of America's ("Defendant" or "Government")'s motion to dismiss Plaintiffs Cassandra Rose DeMolick and Keith Kuros ("Plaintiffs")' complaint against it for negligence under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680. For the reasons that follow, the Court will grant the Government's motion pursuant to Federal Rule of Civil Procedure 12(b)(1) on the basis that the Court lacks subject matter jurisdiction over the claims asserted and will dismiss Plaintiffs' complaint with prejudice and without leave to amend.

**I.   BACKGROUND**

Plaintiffs allege that on the morning of February 5, 2018, while visiting Gettysburg National Military Park ("Gettysburg"), Plaintiff DeMolick ("Plaintiff" or "DeMolick") slipped and fell on a patch of uncleared ice and snow on the walkway between a rest facility and a parking lot. (Doc. No. 1 ¶¶ 22-23.) There had been snowfall the previous night. (Id. ¶ 20.) According to Plaintiffs, there were no warnings posted about the possible presence of snow and ice outside the restroom, nor had the ice been treated with a melting agent. (Id. ¶¶ 23, 25.) As a result of DeMolick's fall, Plaintiffs claim that she sustained serious physical injuries which required surgery and resulted in extensive post-surgical complications. (Id. ¶¶ 36-37.)

On August 23, 2021, Plaintiffs initiated the above-captioned case against the Government by filing a complaint with this Court, asserting two counts of negligence under Pennsylvania law pursuant to the FTCA. (Doc. No. 1.) In addition to DeMolick's negligence claim, Plaintiffs assert a derivative claim on behalf of Plaintiff Keith Kuros ("Kuros"), DeMolick's husband, alleging that he suffered damages related to loss of consortium with his wife due to her injury. (Id. ¶ 42.) Prior to filing their complaint, Plaintiffs exhausted their claims with the appropriate government agency. (Id. ¶¶ 7-10.)

On November 5, 2021, the Government filed a motion to dismiss Plaintiffs' complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). (Doc. No. 8.) The Government's motion was accompanied by a brief in support (Doc. No. 9), two declarations from Gettysburg facilities workers about the park's operating and snow-removal procedures (Doc. Nos. 9-1, 9-2), medical records from DeMolick's injury (Doc. No. 9-3 at 1-9), and pictures of the condition of the paved area where DeMolick fell on the day of the accident (id. at 10-15). The Government provided the following relevant information in its submission to the Court: The park and the rest facility are open to the public free of charge (Doc. No. 9 at 8-9); the restroom is located in an otherwise undeveloped area of the park, which itself covers thousands of acres of land (Doc. No. 9-1 ¶¶ 4, 10, 13); and while there had been snow the previous evening, the weather was clear on the morning of February 5, 2018 (Doc. No. 9 at 10). In response to Defendant's motion to dismiss, Plaintiffs filed a brief in opposition. (Doc. No. 13.) On December 27, 2021, Defendant filed its reply brief to Plaintiffs' brief in opposition. (Doc. No. 14.) Accordingly, this matter has been fully briefed and is now ripe for disposition.

## II.     LEGAL STANDARD

### A.     Federal Rule of Civil Procedure Rule 12(b)(1)

As an initial matter, the Court addresses the appropriate standard of review by which to assess a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  If a defendant's challenge to subject matter jurisdiction depends on a facial attack of the pleadings, the court must consider the allegations of the complaint as true, as it would with regard to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  See Mortensen v. First Fed. Savs. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).  However, a motion that presents evidence challenging any of the factual allegations put forth by the plaintiff in the complaint is considered a factual challenge to jurisdiction.  See Gould Elecs., Inc. v. United States, 220 F.3d 169, 176-77 (3d Cir. 2000).  In such circumstances, the plaintiff bears the burden of persuasion that jurisdiction exists, and the court is free to weigh evidence presented by each party outside of the pleadings.  Id.

Here, the Government attacks the factual sufficiency of the complaint in establishing jurisdiction.  (Doc. No. 9 at 4-5.)  That is, the Government argues that the circumstances of DeMolick's injuries exclude her claims from coverage under the FTCA and are therefore barred by the doctrine of sovereign immunity.  (Doc. No. 9 at 5-7.)  The Government has submitted several declarations in support of its argument.  (Doc. Nos. 9-1, 9-2.)  Likewise, Plaintiffs dispute the facts contained in the Government's declarations and seek additional discovery as to the maintenance and building specifications of the restroom DeMolick was exiting at the time of her fall.  (Doc. No. 13 at 3-4.)  The filings of both parties indicate that the dispute over subject matter jurisdiction in this case is primarily a factual one.  Therefore, the Court's role as to the Government's motion to dismiss is to weigh the evidence to determine whether it has subject matter jurisdiction over Plaintiffs' claims, giving no presumption of veracity to Plaintiffs' pleadings.  See Mortensen, 549 F.2d at 891.

**III.   DISCUSSION**

Individuals are typically barred from suing the federal government by the doctrine of sovereign immunity, which can only be waived by act of Congress.  See F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994).  Where the United States has not consented to be sued, federal courts lack subject matter jurisdiction to entertain suits against it.  See id.  In enacting the FTCA, Congress waived the federal government's immunity from tort suits brought by private parties.  See 28 U.S.C. § 2674.  However, the FTCA only applies where a suit could be properly brought under state law.  See 28 U.S.C. § 1346(b)(1).  The FTCA does not create new causes of action against the federal government, nor does it alter the scope of state tort law.  See id.

In determining whether Plaintiffs' tort claims against the Government are cognizable under the FTCA, the Court must address the contours of landowner liability under state law.  See id.; In re Orthopedic Bone Screw Prod. Liab. Litig., 264 F.3d 344, 362 (3d Cir. 2001) (noting that "the extent of the United States' liability under the FTCA is generally determined by reference to state law") (internal quotation marks omitted).  Specifically, the Court must address the Government's primary argument against liability: that the area of Gettysburg where DeMolick sustained her injuries falls under the exclusion to landowner tort liability contained in Pennsylvania's Recreational Use of Land and Water Act ("RULWA"), 68 P.S. §§ 477-1-9. (Doc. No. 9 at 5-7.)  For the reasons explained below, the Court finds that: (1) RULWA applies to the walkway and parking lot where Plaintiff was injured; and (2) Plaintiffs have not plausibly alleged that the Government willfully or maliciously failed to warn of or guard against dangerous conditions on the Gettysburg property.  Therefore, the Government is shielded from liability under RULWA, making the FTCA inapplicable and rendering the Court unable to consider Plaintiffs' claims for lack of subject matter jurisdiction.

### A.     Application of RULWA to the Location of Plaintiff's Injury

Pennsylvania's RULWA limits the tort liability of landowners who open their land to the public for recreational purposes at no cost. See 68 P.S. §§ 477-1, 477-4. This Court, as well as other district courts within the Third Circuit, have previously held that RULWA applies to federally owned property, including Gettysburg. See Lingua v. United States, 801 F. Supp. 2d 320, 330 (M.D. Pa. 2011) (collecting cases that find RULWA applicable to the United States); DePatch v. United States, No. 95-cv-6698, 1996 WL 355355, at *1, *3-4 (E.D. Pa. June 20, 1996) (finding that the "Devil's Den" area of Gettysburg, a "conglomeration of massive rocks and boulders," was covered under RULWA).

While RULWA has been found to apply to parts of Gettysburg, the definition of "land" under RULWA is limited, and not all structures or facilities within a given parcel of property are necessarily covered. See 68 P.S. § 477–2(1). To determine whether RULWA applies to Plaintiffs' claims, the Court must focus on the specific area within Gettysburg where DeMolick's injury occurred, rather than the park as a whole. See Bashioum v. Cnty. of Westmoreland, 747 A.2d 441, 446 (Pa. Commw. Ct. 2000) (finding that the court below erred in focusing its RULWA analysis on an entire tract of land, rather than the "specific area which caused the injury"). Therefore, the Court analyzes only whether the sidewalk on which Plaintiff slipped falls within the definition of "land" under RULWA. The Court does not consider, as Plaintiffs urge it to, whether the rest facilities Plaintiff had recently exited at the time of her fall are considered "land" under RULWA. (Doc. No. 13 at 13-14.) The sidewalk and parking area are the only structures relevant to Plaintiffs' injuries. See Bashioum, 747 A.2d at 446.

Plaintiffs' primary argument is that RULWA does not apply to the rest area where DeMolick fell because it is a "developed, non-recreational improvement to the land that requires

regular maintenance to be safely used and enjoyed." (Doc. No. 13 at 10.) This argument fails for two reasons: The first is that RULWA was amended in 2018, expanding the statute's definition of "land" to include, among other additions, "amenities," "paths," "paved or unpaved trails," and "areas providing access to, or parking for, lands and waters." See 68 P.S. § 477–2(1). None of the case law cited by Plaintiffs in support of their contention that the sidewalk and parking lot on which DeMolick was injured falls outside of RULWA dates from after the statute's 2018 amendment. (Doc. No. 13.) Plaintiffs do not even mention that RULWA's definition of "land" has been updated, or how that change impacts the applicability of the cases they cite. (Id.) Because Plaintiffs fail to account for statutory changes relevant to the Court's analysis, their argument as to the proper designation of the walkway and parking area under RULWA is unpersuasive.

Plaintiffs' argument also fails because it lacks the support of precedential law. Plaintiffs cite three precedential cases to support their argument. The first case, Walsh v. City of Philadelphia., 585 A.2d 445 (Pa. 1991), holds that Guerin Recreation Center, an urban "cement recreational facility" composed mainly of basketball courts, is not "land" under RULWA. See id. at 450-51. The second, Mills v. Pennsylvania, 633 A.2d 1115 (Pa. 1993), holds that Penn's Landing, a dense commercial area in downtown Philadelphia, does not fall under RULWA. See id. at 1118. The third, Stone v. York Haven Power Co., 749 A.2d 452 (Pa. 2000), likewise holds that while a public lake falls under RULWA, the dam that created the lake does not. See id. at 457. The comparison of the locations at issue in any of these cases to the site of DeMolick's fall—a parking lot and sidewalk in the middle of a vast area of otherwise undeveloped land—is

inapt.[1]  The area in which DeMolick fell is not a highly developed area of recreational land in an urban area, as in Walsh and Mills, nor is it adjacent to a complex non-recreational structure, like the dam in Stone.  Indeed, Plaintiffs cite, but do not squarely address, several cases dating from before the 2018 amendment that find paved walkways covered by RULWA because they are ancillary structures meant to facilitate recreational use of the land.  See, e.g., Lingua, 801 F. Supp. 2d at 331-32; Kelley v. United States, No. 11-cv-5537, 2012 WL 1392520, at *5 (E.D. Pa. Apr. 20, 2012).  Because Plaintiffs' argument on the applicability of RULWA to the site of DeMolick's fall both ignores changes to the relevant statutory language and lacks support in case law, it is without merit.

Arguments of the parties aside, the Court concludes that when the Pennsylvania legislature amended RULWA to include "paths," "paved…trails," and "areas providing … parking for[] lands" it meant sidewalks and parking lots, like the area where DeMolick slipped.  See 68 P.S. § 477–2(1).  Because walkways and parking lots are clearly encompassed by RULWA's definition of "land" and Plaintiffs have provided no plausible alternative interpretation for the relevant language, the Court concludes that the area where DeMolick fell falls under RULWA's protection from tort liability.  See 68 P.S. §§ 477-3-4.  Therefore, under Pennsylvania law, the Government is immune from suit, unless DeMolick's injuries fall within one of RULWA's exceptions.  See 68 P.S. § 477-6.

### B. Willful or Malicious Failure to Guard or Warn Against a Dangerous Condition

---

[1] The non-precedential cases cited by Plaintiff are either similarly distinguishable, see Bashioum, 747 A.2d at 447 (holding that a landowner owner could be held liable for injuries that occurred on a "giant slide" built on property otherwise covered under RULWA), or have been outright rejected by this Court in the past, see Lingua v. United States, 801 F. Supp. 2d at 331-32 (distinguishing Brown v. Tunkhannock Twp., 665 A.2d 1318 (Pa. Commw. Ct. 1995) and finding that "raw land can include a structure or some type of improvement and still retain RULWA immunity").

Under RULWA, the duty of a landowner to recreational visitors is limited. See 68 P.S. § 477-3. The owner "owes no duty of care to keep the premises safe for entry or use by recreational users, or to give any warning of a dangerous condition, use, structure, or activity on such premises to recreational users." See id. However, where the landowner's failure to "guard or warn" against dangers is either willful or malicious, then RULWA does not apply and the landowner can be held liable. See 68 P.S. § 477-6(1). Willfulness for RULWA purposes requires that: (1) the landowner had actual knowledge of a dangerous condition; and (2) the danger was not obvious to the visitors on the land. See Livingston v. Pa. Power and Light Co., 609 F. Supp. 643, 649 (E.D. Pa. 1985). A dangerous condition is "obvious" when "both the condition and the risk" would be recognized by a reasonable person in the position of the plaintiff using "normal perception, intelligence, and judgment." See Carrender v. Fitterer, 469 A.2d 120, 123 (Pa. 1983) (internal quotation marks omitted).

Plaintiffs argue that, even if the site of DeMolick's accident is considered "land" under RULWA, the statute still does not apply because the Government willfully failed to either properly treat the icy conditions on the sidewalk or warn park visitors that such conditions existed. (Doc. No. 13 at 7-10.) In support of their willfulness argument, Plaintiffs assert that: (1) the Government had actual knowledge of the icy conditions on the walkway and parking area; and (2) those conditions were not obvious to DeMolick because Plaintiffs drove to the rest area in their car and thus did not see the untreated ice on the ground until "they were out of their vehicle and already encountering it."[2] (Id. at 9.) In response, the Government argues that: (1)

---

[2] As Defendant points out, Plaintiffs do not claim that they were unaware of the ice on the ground, but that it was not obvious that "no salt or ice melt had been applied to the parking lot." (Doc. No. 13 at 9.)

8

Plaintiffs have alleged no facts to support a finding that the Government had actual knowledge of the conditions of the pavement leading up to the restroom; and (2) the ice on the pavement "would [] have been clearly visible as DeMolick approached the restroom from her parked car in broad daylight on a clear day," rendering the dangerous condition obvious. (Doc. No. 14 at 5-7.)

As to obviousness, the Court is guided both by the Carrender standard and by cases in which visitors to recreational land encountered dangers deemed "obvious" by the reviewing court. In Livingston, for instance, the District Court for the Eastern District of Pennsylvania held that a swimmer who was injured diving into a rocky lake could not show that the lake owner's failure to warn was willful under Pennsylvania law. See Livingston, 609 F. Supp. at 649. The Livingston court noted that, although the lake water was murky, and therefore obscured objects dangerous to swimmers, it should have been obvious to visitors that "swimming and diving in an unfamiliar and rocky area is dangerous." See id. Likewise, a reasonable person in the position of Plaintiffs would have intuited that the weather conditions in the park might create dangers for pedestrians. That there might be ice and snow on the ground mere hours after a snowstorm should have been obvious to DeMolick, even if she was not aware of the exact patch of ice on which she slipped until she encountered it.

Furthermore, the evidence presented in connection with the motion suggests that the icy condition of the pavement was not concealed and should have been readily apparent to a reasonable person in DeMolick's position exercising "normal perception, intelligence, and judgment." See Carrender, 469 A.2d at 123. As part of their administrative complaint, Plaintiffs provided pictures of the icy conditions on the day of DeMolick's accident. (Doc. No. 9-3 at 10-15.) Those pictures show a buildup of ice and snow near the sidewalk of the rest area that would have been clearly visible to passersby, even from a considerable distance. (Id.) Plaintiffs claim

9

that DeMolick's only means of returning to her car was over the patch of ice on which she slipped. (Doc. No. 1 ¶ 31.) As Defendant points out, DeMolick must have passed over that visible ice to get to the restroom, only to slip on the same patch on her way out of the restroom. (Doc. No. 14 at 6.) Upon encountering the icy path, DeMolick could have chosen to go back to her car rather than run the risk of falling while accessing the rest area. Instead, she chose to walk over an obviously dangerous stretch of pavement and fell as a result.

Weighing the evidence presented by each party and the facts asserted in the pleadings, the Court finds that Plaintiffs have failed to carry their burden of showing that the dangerous conditions that caused DeMolick's fall were not obvious.[3] Therefore, the Court concludes that no exception to RULWA's protection from liability applies and the Government's motion to dismiss for lack of subject matter jurisdiction must be granted.

### C. Leave to Amend Complaint[4]

---

[3] The Court does not find it necessary to address whether the Government had actual knowledge of the condition of the pavement on which DeMolick slipped. Although the Government has submitted a declaration by a Gettysburg facilities supervisor as to the snow removal procedure at the park's rest areas, additional discovery would be required to determine whether Gettysburg employees had actual knowledge of the conditions that allegedly caused DeMolick's fall. (Doc. No. 9-2.)

[4] Plaintiffs also request that the Court: (1) grant them leave to "conduct limited discovery regarding the nature and extent of the building and location known as the West End Comfort Station to examine the extent of the improvement found at that location and the nature of the maintenance required and performed to safely use and enjoy that area" (Doc. No. 13 at 4); and (2) allow the parties' to conduct oral argument on Defendant's motion to dismiss (id. at 15). The Court will decline both requests.

As to the first request, as discussed, supra, the only improvement to the land relevant to DeMolick's injury is the pavement on which she fell. The restroom's "building systems," the "extent of supplies" furnished to it, and the "trash removal" protocol at the site have no plausible relevance to DeMolick's injury. (Id.) As to the second request, while Local Rule 7.9 allows the Court to hear oral argument on motions, in this case oral argument is not needed, as the Court finds the parties' written submissions sufficient. Therefore, the Court will exercise its discretion to decline Plaintiffs' request for oral argument.

Plaintiffs argue in the alternative that the dismissal of their claim should be without prejudice and that they should be granted leave to amend. (Doc. No. 13 at 14.) Federal Rule of Civil Procedure 15 specifies that district courts should grant leave to amend upon dismissal of a complaint "when justice so requires." See Fed. R. Civ. P. 15(a)(2). The Third Circuit Court of Appeals has expanded on Rule 15, requiring courts to grant leave to amend unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

Plaintiffs claim that amendment would not be inequitable nor futile, but do not elaborate on how they would amend their pleadings to adequately support a finding of subject matter jurisdiction. (Doc. No. 13 at 14-15.) In response, Defendant argues that Plaintiffs cannot plausibly plead more than ordinary negligence, and therefore should not be permitted to amend their complaint. (Doc. No. 14 at 5-7.) In particular, Defendant argues that, based on the information already presented to the Court, Plaintiffs will not be able to establish through amendment that Defendant acted willfully or maliciously in failing to clear the ice outside the rest area or to post warnings. (Id.)

The Court agrees with Defendant that amendment of the complaint in the instant case would be futile. The Court has determined, supra, that the paved area on which DeMolick slipped is covered under RULWA. There is no amount of amendment that could change the Court's conclusion as to the applicability of the statute to the location of DeMolick's injury. As to whether Defendant willfully or maliciously failed to guard or warn DeMolick about the dangerous condition of the pavement, based on the information provided by Plaintiffs, the Court has concluded that the icy patch should have been obvious to a reasonable person in DeMolick's position. See Carrender, 469 A.2d at 123. The obviousness of the condition encountered by

DeMolick renders the "willful or malicious" exception to RULWA inapplicable.  See Livingston, 609 F. Supp. at 649.  There is, likewise, no plausible amendment that would render the large patch of ice on which DeMolick slipped in broad daylight a non-obvious condition.  Because amendment of Plaintiffs' complaint would be futile, the Court will grant Defendant's motion to dismiss without leave to amend.

**IV.     CONCLUSION**

For all the above reasons, the Court will grant Defendant's motion to dismiss for lack of subject matter jurisdiction (Doc. No. 8) and will dismiss Plaintiffs' complaint (Doc. No. 1) with prejudice and without leave to amend.  An appropriate order follows.